## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| ANTHONY TODD MILLER, | Civ. No. 14-4997 (JRT/JSM) |
| Plaintiff, | **MEMORANDUM OPINION AND ORDER** |
| v. | |
| BRAD WAYNE, Dakota County Sheriff's Office, DAVID SJOGREN, Dakota County Sheriff's Office, JAMES RGNONTI, Hastings Police Department, | |
| Defendants. | |

The above matter came before the undersigned on plaintiff's Motion to Voluntarily Dismiss. [Docket No. 33]. Plaintiff Anthony Todd Miller, who is self-represented, alleged that defendants violated his Fourth Amendment rights in connection with the execution of a search warrant at his workplace. Complaint, ¶ 7 [Docket No. 1]. In lieu of answering, defendants Brad Wayne and David Sjogren filed a Joint Motion to Dismiss. [Docket No. 11]. Defendant James Rgnonti filed a separate Motion to Dismiss. [Docket No. 17]. The motions were referred to Magistrate Judge Janie S. Mayeron. [Docket No. 26]. Miller failed to serve and file responses to the motions, but sent a letter to Magistrate Judge Mayeron stating that defendants' motions were frivolous and he should be permitted to proceed with his suit.

On April 29, 2015, forty minutes before the hearing on defendants' motions to dismiss was to begin, Miller sent an email to Magistrate Judge Mayeron's chambers and defendants' counsel stating that he intended to "withdraw the action filed in the above

matter. . . I will be forwarding a formal copy of the withdrawal to all parties concerned via US Mail today."

Magistrate Judge Mayeron read this email into the record. Defendants' counsel indicated that they did not oppose having the case dismissed, but believed it should be dismissed with prejudice. Miller forwarded a pleading captioned "Motion to Voluntarily Dismiss" to the Clerk of Court the same day. [Docket Nos. 33, 33-1]. Although captioned as a motion, Miller stated that he "is dismissing this action due to circumstances that are currently beyond his control and which will make it impossible to pursue any legal action at this time." Motion to Voluntarily Dismiss.

Under Rule 41(a)(1)(A), a "plaintiff may dismiss an action without court order by filing . . . a notice of dismissal before the other party files either an answer or summary judgment." Unless the notice states otherwise, the dismissal is without prejudice. Fed. R. Civ. P. 41(a)(1)(B). "Because the rule permits dismissal as of right, it requires only notice to the court, not a motion, and permission or order of the court is not required." Safeguard Bus. Sys., Inc. v. Hoeffel, 907 F.2d 861, 863 (8th Cir. 1990) (citations omitted).

Miller's motion did not cite Fed. R. Civ. P. 41(a)(1)(A)(i), nor did it specify whether he was dismissing with or without prejudice. Nonetheless, the Court has construed Miller's motion as a Notice of Dismissal under Rule 41(a)(1)(A)(i) and not a motion under Rule 41(a)(2). See Ventura–Vera v. Dewitt, 417 F. App'x 591, 591–92 (8th Cir. 2011) (construing pro se plaintiff's motion to dismiss as a notice of voluntary dismissal); United States v. Fiorelli, 337 F.3d 282, 287-88 (3d Cir. 2003) ("[T]he

function of the motion and not the caption dictates which Rule is applicable.") Defendants did not answer or move for summary judgment, and a motion to dismiss is "not considered to be the equivalent of either an answer or a motion for summary judgment" for the purposes of Rule 41(a)(1)(A)(i).  Horde v. City of Apple Valley, Civ. No. 13-3107 (PJS/JJG), 2014 WL 3577310, at *3 (D. Minn. July 18, 2014) (citations omitted); see also Hawkins v. Singer, Civ. No. 02-4098 (JRT/FLN), 2003 WL 22076552, at *2, fn. 1 (D. Minn. Sept. 2, 2003) (noting that "[d]efendants have filed motions to dismiss, but these do not fit the narrow strictures of Rule 41(a).")  Accordingly, Miller has the right to dismiss his lawsuit pursuant to Rule 41(a)(1)(A)(i) and does not need the Court's approval to do so.  Dismissal is without prejudice because Miller's notice did not state otherwise.  Fed. R. Civ. P. 41(a)(1)(B).  Defendants' motions to dismiss are denied as moot.  See Woody v. City of Duluth, 176 F.R.D. 310, 311, 315 (D. Minn. 1997) (plaintiff's motion to voluntarily dismiss rendered defendant's motion to dismiss moot).

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE.**

2. Defendants' motions to dismiss [Docket Nos. 11, 17] are **DENIED AS MOOT.**

Dated: May 15, 2015  
at Minneapolis, Minnesota.

s/John R. Tunheim  
JOHN R. TUNHEIM  
United States District Court Judge